UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                  :

STEPHANIE M. REVERON,                        :

                Plaintiff,                                :

         -v-                                        :         24 Civ. 4093 (JPC)

SPREADSHIRT, INC. *et al.*,                     :         <u>ORDER ADOPTING</u>
                                                     :         <u>REPORT AND</u>
                Defendants.                        :         <u>RECOMMENDATION</u>
                                                     :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Plaintiff Stephanie M. Reveron brings this action asserting claims for trademark infringement, unfair competition, and unjust enrichment. Defendant Walmart-Stores, Inc. ("Walmart") moved to dismiss the Complaint on June 20, 2024. Dkt. 7. Instead of filing an opposition to that motion, Plaintiff sought leave to amend her Complaint. Dkt. 23. On December 10, 2024, the Court adopted a Report and Recommendation, Dkt. 43, issued by the Honorable Robyn F. Tarnofsky, to whom this case has been referred for general supervision of pretrial proceedings and to issue a report and recommendation on any dispositive motion, and denied Plaintiff leave to amend, without prejudice to her filing a renewed motion. Dkt. 44. On December 20 and December 26, 2024, Plaintiff filed two submissions, Dkts. 45, 46, which Judge Tarnofsky construed as Plaintiff's renewed motion for leave to amend, *see* Dkt. 47. Each submission attached a proposed amended complaint. Dkts. 45, 46.[1]

      On May 20, 2025, Judge Tarnofsky issued a Report and Recommendation, which recommended that the undersigned deny Plaintiff's latest motion to amend with prejudice on

---

[1] On January 2, 2025, the Court denied Walmart's motion to dismiss without prejudice to refiling, given Plaintiff's pending motion to amend. Dkt. 49.

futility grounds. Dkt. 59 ("R&R").[2] Judge Tarnofsky found that Plaintiff's Proposed Amended Complaint fails to adequately allege trademark infringement or unfair competition on two alternative grounds: (1) the Proposed Amended Complaint fails to adequately allege that the JERSEY CITY® mark had acquired secondary meaning, *id.* at 9-19, and (2) Defendants' fair use defense, raised by Walmart in opposing amendment, would be successful based on Plaintiff's own allegations in the Proposed Amended Complaint, *id.* at 19-27. Judge Tarnofsky also determined that the Proposed Amended Complaint fails to adequately plead a claim of contributory infringement. *Id.* at 27-28. Lastly, Judge Tarnofsky recommended that Plaintiff be denied leave to move again to amend her Complaint, noting that she had the benefit of the Court's explanation of the pleading deficiencies in her Complaint, but she failed to correct those deficiencies in the Proposed Amended Complaint. *Id.* at 28-31.

The Report and Recommendation, citing both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *Id.* at 31. On June 2, 2025, Plaintiff timely filed a "limited objection" to Judge Tarnofsky's Report and Recommendation. Dkt. 60. Plaintiff specifically objects to Judge Tarnofsky's conclusion regarding Defendants' fair use defense, arguing that Judge Tarnofsky's determination that the fair use defense would be successful based on the allegations in the Proposed Amended Complaint conflicts with another decision in this District. *Id.* at 1-2 ("Plaintiff does not object to the Report in its entirety, but specifically challenges the conclusion regarding the fair use defense, which is inconsistent with precedent recently adopted by this District."). On June 14, 2025, Walmart filed a response to

---

[2] In assessing futility, Judge Tarnofsky considered the second, updated version of the proposed amended complaint that Plaintiff submitted on December 26, 2024. *See* Dkt. 46. This Court will refer to that document as the "Proposed Amended Complaint" in this Order.

2

Plaintiff's limited objection to the Report and Recommendation.  Dkt. 61.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation.  28 U.S.C. § 636(b)(1)(C).  If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section.  Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  If no objections are made, the district court reviews the Report and Recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Court need not pass on Plaintiff's partial objection to the Report and Recommendation's conclusion regarding the fair use defense.  As noted, Judge Tarnofsky determined that any amendment would be futile for two independent reasons, one of them being that the Proposed Amended Complaint does not adequately allege that the JERSEY CITY® mark had acquired secondary meaning.  *See* R&R at 9-19.  Notably, this was the same deficiency which led Judge Tarnofsky to recommend denying Plaintiff's initial motion to amend.  *See* Dkt. 43 at 7-11.  Judge Tarnofsky's recommendation as to the fair use defense was only an alternative ground for denying Plaintiff's motion in the event that the undersigned departed from Judge Tarnofsky on her recommendation regarding secondary meaning.  *See* R&R at 19 (addressing the fair use defense "[i]n the event that [the undersigned] disagrees with [Judge Tarnofsky's] conclusion that Plaintiff has failed adequately to allege that her JERSEY CITY® mark had acquired secondary meaning before Defendants began their alleged infringing use").

The Court adopts Judge Tarnofsky's recommendation to deny the renewed motion to amend as futile for the failure to adequately allege secondary meaning.  Plaintiff did not object to Judge Tarnofsky's recommendation as to that basis for futility.  Defendants did not file any objections to Judge Tarnofsky's May 20, 2025 Report and Recommendation, and the time for

3

making any objections has passed. The parties have therefore waived the right to object to the Report and Recommendation's conclusion on this secondary meaning ground or to obtain appellate review on that basis. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992). Likewise, the parties have waived their right to object or obtain appellate review regarding Judge Tarnofsky's conclusions that the Proposed Amended Complaint fails to plead a claim of contributory infringement and that Plaintiff should not be afforded an additional opportunity to amend the operative Complaint. *See* R&R at 27-31. Notwithstanding this waiver, the undersigned has conducted a *de novo* review of the Report and Recommendation and finds it to be well reasoned and its conclusions to be well founded.

Accordingly, the Report and Recommendation is adopted in part. The undersigned adopts the Report and Recommendation except for its alternative basis for denial concerning the fair use defense, which the undersigned does not reach as that ground is unnecessary to resolve the futility of Plaintiff's proposed amendment to her trademark infringement and unfair competition claims. Plaintiff's objection is therefore moot. Plaintiff's renewed motion for leave to amend, Dkts. 45, 46, is denied, and Plaintiff is denied leave to seek further amendment of the Complaint. Walmart, Spreadshirt, Inc., and Sears Holdings Management Corp. shall respond to the Complaint, Dkt. 1, within fourteen days of the date of this Order. In the event any Defendant moves to dismiss the Complaint, Plaintiff must address in her opposition why the grounds for dismissal identified in that motion and in Judge Tarnofsky's futility analysis in the Report and Recommendation do not require dismissal of her claims as to all Defendants in this case. *See Vekaria v. Mthree Corp. Consulting, Ltd.*, No. 22 Civ. 3197 (JPC), 2024 WL 4337542, at *18 (S.D.N.Y. Sept. 27, 2024) (putting a plaintiff on notice of the Court's intent to *sua sponte* dismiss the claims against non-moving defendants where "the grounds for dismissal . . . appear to apply equally" to all defendants).

5

The Clerk of Court is respectfully directed the mail a copy of this Order to *pro se* Plaintiff Stephanie M. Reveron.

SO ORDERED.

Dated: June 16, 2025
       New York, New York

                                                                _____
                                                                           JOHN P. CRONAN
                                                                    United States District Judge