UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Stephanie M. Reveron,<br><br>                    Plaintiff,<br><br>     -against-<br><br>Spreadshirt, Inc., et al.,<br><br>                    Defendants. | 24cv4093 (JPC) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On June 30, 2025, Defendant Walmart-Stores filed a motion to dismiss the Complaint (ECF 63), supported by a memorandum of law (ECF 64) and declaration (ECF 65). Walmart-Stores also filed a Rule 12.1 notice to a pro se litigant. (ECF 66.) Defendant Spreadshirt joined in the motion to dismiss. (ECF 67.) On July 18, 2025, I issued an order giving Plaintiff until July 31, 2025 to file any opposition to the motion to dismiss. (ECF 68.) Plaintiff has not done so. I am retroactively extending her time to file any opposition to the motion to dismiss, until **August 19, 2025**. Plaintiff must address in her opposition why the grounds for dismissal identified in the motion papers and in my futility analysis in the Report and Recommendation (ECF 59) do not require dismissal of her claims as to all Defendants in this case. *See Vekaria v. Mthree Corp. Consulting, Ltd.,* No. 22 Civ. 3197 (JPC), 2024 WL 4337542, at *18 (S.D.N.Y. Sept. 27, 2024) (putting a plaintiff on notice of the Court's intent to sua sponte dismiss the claims against non-moving defendants where "the grounds for dismissal . . . appear to apply equally" to all defendants).

If Plaintiff does not file an opposition by August 19, 2025, I will treat the motion as unopposed and fully submitted, meaning that no additional briefs may be filed in connection with the motion. Plaintiff has been given a reasonable opportunity to respond to Defendants' motion to dismiss. Treating the motion as unopposed does not mean that I will necessarily recommend that the motion to dismiss should be granted, although I may do so. In deciding an unopposed motion to dismiss, a court is to

"assume the truth of a pleading's factual allegations and test only its legal sufficiency. Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 231, 323–24 (2d Cir. 2000) (internal citation omitted). In assessing the legal sufficiency of Plaintiff's pro se complaint, I will bear in mind that a "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks omitted). Accordingly, I will "liberally construe [the complaint] . . . , reading such submission[ ] to raise the strongest arguments [it] suggest[s]." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007).

If Plaintiff opposes the motion to dismiss, Defendants shall have until **September 2, 2025** to file reply papers.

DATED:  August 5, 2025
        New York, NY

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge